**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHANGGUO YU,

                Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

                Respondent.

No. 12-73457

Agency No. A096-057-944

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014[**]

Before:    McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

    Changguo Yu, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

abuse of discretion the denial of a motion to reopen, *Najmabadi v. Holder*, 597

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying as untimely Yu's second motion to reopen because the motion was filed nine years after his final order of removal, *see* 8 C.F.R. §§ 1003.2(c)(3)(i), 1003.23(b)(4)(iii)(A) (an alien has 180 days to file a motion to reopen to rescind an in absentia order if the alien can show that she failed to appear for the hearing due to exceptional circumstances), and Yu failed to demonstrate the due diligence necessary for equitable tolling, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011), or establish materially changed country conditions so as to qualify for the regulatory exception to the time limitations for motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 987 (new evidence "must be 'qualitatively different' from the evidence presented at the previous hearing").

In light of this disposition, we need not reach Yu's remaining contentions.

**PETITION FOR REVIEW DENIED.**

12-73457